## The Chicago and Alton Railroad Co.

### *v.*

### Catharine McMorrow.

Negligence—*failure to fence.* In an action to recover for the killing of a horse by the defendant's train, brought under the act of 1855, concerning the fencing of railroads, where the evidence showed the entire sufficiency of the fences, and that the horse was killed at the crossing of a public road where the company had constructed and maintained suitable cattle guards, and that he got upon the track from the road: *Held,* that under such a state of facts the company could not be held liable, except upon the ground that the act was wilful or the result of negligence.

Appeal from the Circuit Court of Madison county; the Hon. Joseph Gillespie, Judge, presiding.

This was an action on the case, by Catharine McMorrow, against the Chicago and Alton Railroad Company, to recover for the killing of plaintiff's horse by the defendant's train of cars. The plaintiff recovered a verdict and judgment for $130 and costs, and the defendant appealed. The facts are stated in the opinion.

Mr. Charles P. Wise, for the appellant.

Mr. J. H. Yager, for the appellee.

Mr. Justice McAllister delivered the opinion of the Court:

The motion for a new trial, made on behalf of appellant, defendant below, should have been granted. The action was brought by appellee upon the statute of 1855, concerning the fencing of railroads, for killing her horse.

The bill of exceptions contains all the evidence, which we have carefully examined. The evidence introduced on behalf of plaintiff, scarcely tended to show a cause of action, while that for the defense clearly established the fact of the entire sufficiency of the fences; that the horse was killed at the crossing of a public road where the company had constructed and maintained suitable cattle guards, and that he got upon the track from the road. Under such a state of facts the appellant could not be held liable, except upon the ground that the act was wilful or the result of negligence, as to which there was no evidence whatever.

For the error in denying the motion for a new trial, the judgment will be reversed and the cause remanded.

*Judgment reversed.*